# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| **MARGARET CHAMBERLAIN** | § | |
| | § | |
| V. | § | NO 1:04-CV-726 |
| | § | |
| **JO ANNE B. BARNHART,** | § | |
| **Commissioner of Social Security** | § | |
| **Administration** | § | |

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The court heretofore ordered that this matter be referred to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge submitted a Report and Recommendation which recommends dismissal for lack of subject-matter jurisdiction.

Plaintiff filed timely objections to the magistrate judge's Report and Recommendation. This entitles plaintiff to a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

The court has received and considered the record, pleadings, and all available evidence. After careful consideration, the court concludes that the magistrate judge correctly determined that this court lacks subject-matter jurisdiction because plaintiff has not exhausted administrative remedies. Consequently, plaintiff's objections are without merit.

When – as here – an action has been remanded previously for further consideration, a claimant dissatisfied with the ensuing decision may elect not to file exceptions. If the Appeals Council does not review the case *sua sponte*, the decision becomes the Commissioner's final decision after sixty days. 20 C.F.R. § 404.984(d) (2004). The claimant may then institute an action for judicial review. Here, however, plaintiff filed exceptions, thus triggering further administrative review, which is not yet complete. Having elected to pursue her additional administrative remedies, plaintiff must await a final decision from the Appeals Council before bringing suit.

The court would lack subject-matter jurisdiction had plaintiff not elected to file exceptions. Plaintiff initiated this action sooner than sixty days after the administrative law judge's decision on remand. Hence, the decision was not final when plaintiff brought suit.

Finally, the court cannot construe plaintiff's pleadings as a motion for contempt seeking to enforce the judgment previously entered in Cause No. 1:01cv590. That final judgment instructed the Commissioner to reconsider her decision and (1) recalculate plaintiff's primary insurance amount, permanent reduction factor, and permanent upward adjustment factor; (2) account for the ALJ's determination of overpayment to plaintiff; (3) verify amounts and confirm propriety of deductions for work or other adjustments; (4) explain reasons for withholding benefits after plaintiff attained age 70; and (5) refund amounts improperly withheld, if any. The judgment did not command the Commissioner to make any particular findings or to award benefits in any particular amount. Therefore, plaintiff's dissatisfaction with the Commissioner's subsequent actions cannot serve as a basis for contempt proceedings.

When the Appeals Council completes its review, the Commissioner's decision will then become final. If plaintiff remains dissatisfied with the result, she can institute suit for judicial review at any time within sixty days thereafter.

**ORDER**

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment of dismissal for lack of subject-matter jurisdiction will be entered. Plaintiff may seek judicial review once the Appeals Council enters a final decision.

SIGNED at Beaumont, Texas, this 15th day of August, 2005.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE